# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF Erie County
-----------------------------------------------------------------x
Lia Lando,

                                       Plaintiff/Petitioner,

        - against -                        Index No. 811958/2025

Scripps Media, Inc.
d/b/a WKBW-TV,

                                        Defendant/Respondent.
-----------------------------------------------------------------x

## NOTICE OF ELECTRONIC FILING
### (Mandatory Case)
(Uniform Rule § 202.5-bb)

**You have received this Notice because:**

    1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

    2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
Give this Notice to your attorney. (Attorneys: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
**You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

    If you choose to participate in e-filing, you **must** have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.

    The **benefits of participating in e-filing** include:

        - serving and filing your documents electronically

        - free access to view and print your e-filed documents

        - limiting your number of trips to the courthouse

        - paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

**Information for Attorneys**
**(E-filing is Mandatory for Attorneys)**

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nyscef@nycourts.gov).

Dated: 07/15/2025

Harvey P. Sanders, Esq.
Name
Sanders & Sanders

Firm Name

401 Maryvale Drive
Address

Cheektowaga, NY 14225

716-839-1489
Phone

harvey.sanders@wnyemploymentlaw.com
E-Mail

To: Scripps Media Inc.

7 Broadcast Plaza

Buffalo, NY 14202

FILED: ERIE COUNTY CLERK 07/15/2025 10:36 AM
NYSCEF DOC. NO. 1

INDEX NO. 811958/2025
RECEIVED NYSCEF: 07/15/2025

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ERIE

---

LIA LANDO

                                 Plaintiff,                  Index No.: _____

v.

SCRIPPS MEDIA, INC. d/b/a WKBW-TV         **SUMMONS**
                                 Defendant.

---

TO DEFENDANT:

YOU ARE SUMMONED to appear in this action by serving your Answer to the Complaint on Plaintiff's attorney within the time limits stated below. Erie County is designated as the county where this action will be tried, because one or more of the parties to this action reside in that County. If this action is based upon a consumer credit transaction, that county is designated because one or more of the Defendants resides in that county or because the transaction sued upon occurred in that county.

TIME LIMITS TO ANSWER:

(1)    If this summons <u>is served by delivery to you personally</u> within New York State, you must answer the Complaint within TWENTY (20) days after such delivery.

(2)    If this summons <u>is not served by delivery to you personally</u> within New York State, and not served pursuant to CPLR 312-a, you must answer the Complaint within THIRTY (30) days after service is complete.

(3)    If this summons is served pursuant to CPLR 312-a, see accompanying STATEMENT OF SERVICE BY MAIL for time limits to answer.

**IF YOU FAIL TO ANSWER THE COMPLAINT** within the time stated, judgment will be entered against you for the relief demanded in the Complaint.

Dated: July 3, 2025
          Cheektowaga, New York

                                                    Harvey P. Sanders, Esq.
                                                    Sanders & Sanders
                                                    *Attorneys for Plaintiff*
                                                    401 Maryvale Drive
                                                    Cheektowaga, New York 14225

FILED: ERIE COUNTY CLERK 07/15/2025 10:36 AM                                          INDEX NO. 811958/2025
NYSCEF DOC. NO. 1                                                                    RECEIVED NYSCEF: 07/15/2025

SUPREME COURT OF THE STATE OF NEW YORK
ERIE COUNTY

| | |
|---|---|
| LIA LANDO, | INDEX NO. _____ |
| Plaintiff, | **VERIFIED COMPLAINT** |
| -against- | **JURY TRIAL DEMANDED** |
| SCRIPPS MEDIA, INC. d/b/a WKBW-TV | |
| Defendant. | |

Plaintiff Lia Lando, upon personal knowledge as to herself and upon information and belief as to others, brings this action for damages and other legal and equitable relief against Defendant, Scripps Media, Inc, d/b/a WKBW-TV, for violations of the New York State Human Rights Law ("NYSHRL"), New York Labor Law § 215, and fraudulent inducement.

## JURISDICTION AND VENUE

1. The jurisdiction of this court is invoked on the grounds that the acts challenged are in violation of New York Executive Law § 296.

2. Pursuant to N.Y. CPLR § 503, venue is proper because Defendant Scripps Media Inc. d/b/a WKBW-TV ("Defendant") has an office in Erie County in New York State, with an address at 7 Broadcast Plaza, Buffalo, NY 14202.

## PARTIES

3. Plaintiff, Lia Lando, residing at 1 Shady Run Lane, Rochester, NY 14625

4. Defendant, with an administrative office located at 312 Walnut Street, Suite 2800, Cincinnati, Ohio 45202, and the principal office for its WKBW television station located at 7 Broadcast Plaza, Buffalo, NY 14202.

FILED: ERIE COUNTY CLERK 07/15/2025 10:36 AM
NYSCEF DOC. NO. 1

INDEX NO. 811958/2025
RECEIVED NYSCEF: 07/15/2025

## STATEMENT OF CLAIM

1. This lawsuit seeks to recover back pay, front pay, punitive damages, and other relief due to fraudulent inducement, unlawful retaliation, and sex-plus discrimination faced by Plaintiff based on her gender, age, and disability, who worked at Defendant's Buffalo Station, WKBW-TV.

2. Plaintiff is female, 48 years old, and she has been diagnosed with a rare form of cancer.

3. Plaintiff has two decades of experience with the news industry.

4. In Plaintiff's career, she started at WETM in Elmira in early 2000. She then moved to New York City in 2001, where she worked at News 12 Westchester. Most recently, prior to WKBW, she had worked at two news stations, WROC and WHEC, in Rochester, New York where she anchored, reported, and produced.

5. Plaintiff began her employment for Defendant on or about September 2022 as an Evening News Anchor.

6. Plaintiff was convinced by Defendant to leave her Rochester position for a more compelling offer and she left before the end of her Rochester contract because of the promise she would finish her career and retire in Buffalo.

7. On May 27, 2022, Plaintiff entered into an employment contract with Defendant stating she will be employed as a professional, salaried Anchor/Multi Media Journalist for a term of three years, from May 23, 2022 through May 22, 2025.

8. Based on the verbal promise of long-term employment, Plaintiff was forced to sell her family home and relocate her family to Buffalo as Defendant told her she had to live in the area.

2

9. Plaintiff's co-worker, Josh Nichols – a meteorologist employed by Defendant and a resident of Rochester as well – was not required to relocate to Buffalo and recently had his contract renewed.

10. Upon information and belief, Defendant also covers the cost of Mr. Nichols' accommodations at The Westin in Buffalo during inclement weather.

11. Throughout Plaintiff's employment, she received extremely positive feedback.

12. On or around April 5, 2023, Plaintiff was diagnosed with Cutaneous T-Cell Lymphoma (CTCL) also known as Mycosis Fungoides (MF) which is a rare type of cancer.

13. Because of this diagnosis, Plaintiff needed to take time away from work intermittently to attend medical therapy sessions and office visits.

14. Once Plaintiff's diagnosis was made known to Defendant's WKBW-TV leadership, she was subjected to a hostile work environment.

15. Station Manager LeAnne Markin made multiple comments about Plaintiff's medical condition and would constantly question Plaintiff after almost every sick day she took off.

16. Plaintiff was continuously excluded from meetings and promotional campaigns, which she expected to be a part of given her role as an Evening Anchor.

17. As the end of Plaintiff's contract was approaching, she was assured by the station's news director, Aaron Mason, that she was going to be offered contract renewal.

18. Defendant's head recruiter went as far as to leave Plaintiff a voicemail and talk with her about how valuable she and her work are to the station, and that if she was considering leaving Buffalo there would still be opportunities at other stations within Defendant.

FILED: ERIE COUNTY CLERK 07/15/2025 10:36 AM
NYSCEF DOC. NO. 1

INDEX NO. 811958/2025
RECEIVED NYSCEF: 07/15/2025

19. On or about February 25, 2025, Plaintiff reached out to Human Resources to air her concern that she was being discriminated against.

20. On March 4, 2025, Plaintiff was terminated from her position, two months before her contract was set to expire.

21. Plaintiff learned of her impending termination while she was attending appointments with her primary care physician and at Roswell Park Cancer Center. Management was aware that Plaintiff was out for medical reasons on those days.

22. When inquiring into why she was terminated, Plaintiff was informed that Defendant was laying off individuals to save money.

23. At the same time Plaintiff was laid off, several other female employees were also terminated, including Mary Beth Wrobel, approximately 60 years old, Erin Phillips, approximately 20 years old, Paula Damico, approximately 60 years old, and Alyssa Sengbush, approximately 20 years old.

24. Mercedes Wilson, approximately 42 years old and, like Plaintiff, diagnosed with cancer, was initially laid off as well. Formerly a Magazine Show Host and Producer, she was later rehired by Defendant under a new title: Community Outreach and Online Host. However, she left Defendant shortly after her return.

25. Defendant said that Plaintiff was the least senior anchor and that was their reason for laying her off, but this is false. Micheal Wooten, who is male and approximately 40 years old, and Taylor Epps, who is female and approximately 25 years old, and they serve as anchor / newscasters for Defendant. Both were hired after Plaintiff.

26. Upon information and belief, Ms. Markin changed Ms. Epps' job title the month before the layoffs to try to protect her position.

4

27. It was also brought to Plaintiff's attention that it was up to each station how they would approach the layoffs, and that Ms. Markin could have removed her promotional team as other stations had done, but instead she chose to target and terminate Plaintiff's employment.

28. After the layoffs, Ms. Markin created two new positions and never asked Plaintiff to apply. If the layoffs were solely for financial reasons, and Defendant was going to eventually re-fill these positions, there is no reason Plaintiff should not have been considered.

29. In addition to removing Plaintiff from her position, Defendant had further removed Plaintiff's name from her stories. This is unprecedented. Many former reporters and anchors still have their names on their stories long after they are gone.

30. In addition to Plaintiff's disability playing a role, it is clear that Plaintiff was discriminated against based on her age and gender as well.

31. Plaintiff's male co-anchor, Jeff Russo, was also paid approximately $42,000 dollars a year more than her. But for his gender he would not be getting paid nearly 75% more than Plaintiff.

32. As previously noted, Defendant decided to remove Plaintiff as an evening anchor and allow Micheal Wooten and Taylor Epps to continue, despite Plaintiff being more senior.

33. This is not the first time Defendant has forced out an older female anchor. For example, Joanna Pasceri was forced out of WKBW at the age of 50 and replaced with younger anchors while her male co-anchor, Keith Radford, was allowed to continue his career and retire when he chose.

5

34. This type of gender and age discrimination by Defendant is not an isolated case as numerous female anchors in other cities have filed similar suits against Defendant. Some of these anchors include Jane Monreal from WFTX, Julie O'Neill from WCPO, and Sandra Maas from KUSI.

35. Plaintiff contends she was subjected to discrimination based on age, gender, and disability in violation of both federal and state law.

## FIRST CAUSE OF ACTION
## DISCRIMINATION ON THE BASIS OF GENDER AND WRONGFUL TERMINATION

36. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 35 of this Complaint with the same force and effect as though fully set forth herein.

37. At all relevant times herein, Plaintiff was a female employee within the meaning of NYSHRL § 296 and Defendant was an employer within the meaning of NYSHRL § 296.

38. Plaintiff was subjected to disparate treatment based on her gender by Defendant including paying Plaintiff substantially less than her male counterparts and terminating her employment while retaining male employees with less seniority, which constitutes unlawful gender discrimination under NYSHRL § 296.

39. As a direct and proximate result of Defendant's discriminatory actions, Plaintiff has suffered and continues to suffer damages including emotional distress, financial loss, and harm to her career and reputation.

40. Under NYSHRL § 290 et seq. Plaintiff is entitled to economic damages including but not limited to loss of past and future income, compensation, and benefits, including interest thereon, as compensatory damages for her physical suffering and emotional distress.

41. Defendant's discriminatory actions constituted willful violations of the NYSHRL, for which Plaintiff is entitled to punitive damages, pursuant to NYSHRL § 297(9).

42. Plaintiff is also entitled to attorneys' fees pursuant to NYSHRL § 297(10), and costs of this action.

## SECOND CAUSE OF ACTION
## DISCRIMINATION ON THE BASIS OF AGE AND WRONGFUL TERMINATION

43. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 42 of this Complaint with the same force and effect as though fully set forth herein.

44. At all relevant times herein, Plaintiff was over the age of 40 and thus a member of a protected class under NYSHRL § 296.

45. Defendant's actions, including but not limited to terminating Plaintiff's employment while retaining younger employees with less seniority, and Defendant's practice of terminating female reporters over a certain age, constitute unlawful age discrimination in violation of NYSHRL § 296.

46. As a direct and proximate result of Defendant's discriminatory actions, Plaintiff has suffered and continues to suffer damages, including emotional distress, financial loss, and harm to her career and reputation.

47. Under NYSHRL § 290 et seq. Plaintiff is entitled to economic damages including but not limited to loss of past and future income, compensation, and benefits, including interest thereon, as compensatory damages for her physical suffering and emotional distress.

48. Defendant's discriminatory actions constituted willful violations of the NYSHRL, for which Plaintiff is entitled to punitive damages, pursuant to NYSHRL § 297(9).

7

49. Plaintiff is also entitled to attorneys' fees pursuant to NYSHRL § 297(10), and costs of this action.

### THIRD CAUSE OF ACTION
### DISCRIMINATION ON THE BASIS OF DISABILITY, HOSTILE WORK ENVIRONMENT, AND WRONGFUL TERMINATION

50. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 49 of this Complaint with the same force and effect as though fully set forth herein.

51. Plaintiff has been diagnosed with Cutaneous T-Cell Lymphoma, a rare form of cancer, and is therefore an individual with a disability within the meaning of NYSHRL § 296.

52. Defendant's actions, including making comments regarding Plaintiff's disability, subjecting to Plaintiff to a hostile work environment, and terminating Plaintiff's employment shortly after learning of her medical condition, constitutes unlawful disability discrimination under NYSHRL § 296.

53. As a direct and proximate result of Defendant's discriminatory actions, Plaintiff has suffered and continues to suffer damages, including emotional distress, financial loss, and harm to her career and reputation.

54. Under NYSHRL § 290 et seq. Plaintiff is entitled to economic damages including but not limited to loss of past and future income, compensation, and benefits, including interest thereon, as compensatory damages for her physical suffering and emotional distress.

55. Defendant's discriminatory actions constituted willful violations of the NYSHRL, for which Plaintiff is entitled to punitive damages, pursuant to NYSHRL § 297(9).

56. Plaintiff is also entitled to attorneys' fees pursuant to NYSHRL § 297(10), and costs of this action.

8

## FOURTH CAUSE OF ACTION
## UNLAWFUL RETALIATION AND WRONGFUL TERMINATION

57. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 57 of this Complaint with the same force and effect as though fully set forth herein.

58. At all relevant times herein, Plaintiff was an employee who engaged in a protected activity within the meaning of New York State Labor Law § 215.

59. Specifically, Plaintiff had raised concerns regarding the disparate treatment she was facing following her cancer diagnosis to Human Resources on or about February 25, 2025.

60. Plaintiff's actions in raising these concerns were protected under New York State Labor Law § 215, which prohibits retaliation against employees who make complaints to their employers.

61. Plaintiff's actions in raising these concerns and making this complaint was protected under New York State Labor Law § 215, which prohibits retaliation and/or discrimination against employes who make complaints

62. Despite Plaintiff's protected activity, Defendant retaliated against Plaintiff by subjecting her to adverse employment action, more specifically the termination of her employment a month later, on March 4, 2025.

63. Defendant's retaliatory actions were willful, deliberate, and done in disregard of Plaintiff's rights under New York State Labor Law § 215.

64. As a direct and proximate result of Defendant's retaliatory actions, Plaintiff has suffered and continues to suffer damages, including but not limited to emotional distress, loss of

income and benefits, damage to her professional reputation, and other consequential damages.

65. Under NYSHRL § 290 et seq. Plaintiff is entitled to economic damages including but not limited to loss of past and future income, compensation, and benefits, including interest thereon, as compensatory damages for her physical suffering and emotional distress.

66. Defendant's discriminatory actions constituted willful violations of the NYSHRL, for which Plaintiff is entitled to punitive damages, pursuant to NYSHRL § 297(9).

67. Plaintiff is also entitled to attorneys' fees pursuant to NYSHRL § 297(10), and costs of this action.

## FIFTH CAUSE OF ACTION
## FRAUD IN THE INDUCEMENT

68. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 67 of this Complaint with the same force and effect as though fully set forth herein.

69. Plaintiff alleges that Defendant made false representations regarding the terms and conditions of her employment. Specifically, Plaintiff was promised long-term employment and the opportunity to finish her career and retire in Buffalo, which induced her to leave her previous position in Rochester before the end of her contract.

70. Plaintiff relied on these representations by resigning her employment, selling her family home, and relocating her family to Buffalo, demonstrating a significant change in her position based on the promises made by the Defendant.

71. Plaintiff contends that Defendant made these representations with the intent to deceive and induce Plaintiff to accept the position, knowing that the promises of long-term employment were false or made with reckless disregard for their truth.

72. As a result of the Defendant's fraudulent inducement, both Plaintiff and her family have suffered and continue to suffer damages including emotional distress and financial loss.

## PRAYER FOR RELIEF

73. WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

   a) Damages in the form of backpay with interest based on Plaintiff's appropriate compensation had she not been discriminated against and front pay for a time frame deemed appropriate by the jury;

   b) Compensatory damages for Plaintiff's emotional pain and suffering, mental anguish, distress, humiliation, and loss of reputation, and interest thereon, in an amount to be determined at trial;

   c) Additional compensatory damages to reimburse Plaintiff for the pecuniary losses she sustained as a result of Defendant's fraudulent inducement;

   d) Punitive damages in an amount to be determined at trial pursuant to New York Law, the NYSHRL § 296;

   e) Prejudgment and post-judgment interest;

   f) Reasonable attorney's fees and costs of the action; and

   g) Such other relief as this Court shall deem just and proper.

Dated:   Cheektowaga, New York
         July 3, 2025

Harvey P. Sanders, Esq.
SANDERS & SANDERS
*Attorneys for Plaintiff*
401 Maryvale Drive
Cheektowaga, NY 14225
(716) 839-1489

## VERIFICATION

State of New York    )
County of Erie       ) SS:

Lia Lando, being duly sworn, deposes and says that she is the Plaintiff herein; that she has read the foregoing complaint and knows the contents thereof; that the same is true of her own knowledge except as to matters therein stated on information and belief; and that as to those matters, she believes the same to be true.

*Lia Lando*

Subscribed and sworn to before me
this __3__ day of July 2025

*Joseph M Lombard*
Notary Public

JOSEPH M LOMBARD
NOTARY PUBLIC STATE OF NEW YORK
WAYNE COUNTY
LIC. #01LO6433568
COMM. EXP. 05/23/2026